UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR19-0135JLR |
| Plaintiff, | ORDER ON MOTION FOR REVOCATION OF DETENTION ORDER |
| v. | |
| JAYVON DESHAUN GRAYSON, | |
| Defendant. | |

This matter comes before the court upon Defendant Jayvon Deshaun Grayson's motion for revocation of detention order. (Mot. (Dkt. # 44).) The Government opposes the motion. (Resp. (Dkt. # 45).) Mr. Grayson replied to the Government's opposition. (Reply (Dkt. # 46).) The court has reviewed the evidence before Magistrate Judge Peterson (and the supplemental evidence submitted by the parties) and made an independent determination of whether the Magistrate Judge's findings are correct without deference. *See United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). For the reasons set forth below, the court DENIES Mr. Grayson's motion.

ORDER - 1

1    Mr. Grayson seeks review of Magistrate Judge Peterson's detention order under 18
2    U.S.C. § 3145(b). (*See* Detention Order (Dkt. # 43).) Because Mr. Grayson has pleaded
3    guilty and is awaiting sentencing, the Bail Reform Act provides that he shall be detained
4    "unless the judicial officer finds by clear and convincing evidence that the person is not
5    likely to flee or pose a danger to the safety of any other person or the community." 18
6    U.S.C § 3143(a)(1). "The burden of establishing that the defendant will not flee or pose a
7    danger to any other person or to the community rests with the defendant." Fed. R. Crim.
8    P. 46(c). In making this determination, the court should consider the factors in 18 U.S.C.
9    § 3142(g). *See United States v. Hawkins*, 2013 WL 1500376, at *1 (E.D. Cal. Apr. 10,
10    2013). These factors include, among others, (1) the "nature and circumstances of the
11    offense charged"; (2) the "weight of the evidence against" the defendant; (3) the "history
12    and characteristics" of the defendant, including his "character, physical and mental
13    condition, family ties, employment, financial resources, length of residence in the
14    community, community ties, past conduct, history relating to drug or alcohol abuse,
15    criminal history, and record concerning appearance at court proceedings"; and (4) "the
16    nature and seriousness of the danger to any person or the community that would be posed
17    by the person's release." 18 U.S.C. § 3142(g).

18    The court has considered the factors set out in 18 U.S.C. § 3142(g). The court has
19    paid particular attention to Mr. Grayson's arguments found at pages 3-5 of his motion
20    and pages 1-3 of his reply. (*See* Mot. at 3-5; Reply at 1-3.) The facts of this case are
21    extremely serious. After Mr. Grayson was released from custody on a prior conviction
22    for second-degree robbery with a deadly weapon enhancement, the Government obtained

evidence that Mr. Grayson possessed numerous firearms—including a Glock 19 pistol that had been converted to a machinegun that Mr. Grayson fired out the window of a moving car in automatic mode. (*See* Plea Agmt. (Dkt. # 30) ¶ 7.) The Government also submits evidence showing that Mr. Grayson possessed many other firearms that have not been recovered by law enforcement, that he purchased and sold these firearms, and that he has active affiliations with a violent gang. (Resp. at 2-3, Ex. 1.) This conduct occurred while Mr. Grayson was on supervision with the Washington State Department of Corrections. (*Id.*)

Mr. Grayson does not dispute the veracity of the Government's allegations against him. (*See generally* Reply). Instead, he contends that the fact that he complied with the court's restrictions when he was released to attend his grandmother's funeral shows that he is not a flight risk or a danger to the community. (*See id.* at 3.) Although the court commends Mr. Grayson for his good behavior while on temporary release, a short period of good behavior does not outweigh Mr. Grayson's serious criminal history and prior problems with supervision. The court also rejects Mr. Grayson's argument that the COVID-19 pandemic warrants release to reduce his risk of contracting the disease while incarcerated. While the Bail Reform Act provides consideration for a defendant's "physical and mental health" in determining release, Mr. Grayson has not shown that COVID-19, alone, is a sufficient reason to release him. Based on these considerations, the court concludes that Mr. Grayson has not carried his burden to establish that he will not flee or pose a danger to any other person or to the community. Accordingly, the motion for revocation of detention order (Dkt. # 44) is DENIED.

1  The court also DENIES Mr. Grayson's request for temporary release to be
2  examined by an expert pending sentencing without prejudice to re-raising the request.
3  The court is willing to consider allowing Mr. Grayson to schedule and attend his
4  evaluation at a courthouse in the Western District of Washington.  However, the court's
5  current understanding is that the only secured area within the courthouse to conduct such
6  an evaluation would be in an interview room in the United States Marshals' cellblock.
7  Mr. Grayson would be on one side of a mesh screen, while Mr. Grayson's counsel, parole
8  officer, and the evaluator would be on the other side of the screen.  All parties would be
9  required to wear masks throughout the duration of the meeting.  The court invites Mr.
10 Grayson to re-file his request for temporary release if Mr. Grayson is willing to consent
11 to holding his evaluation under those circumstances.
12     Dated this 3rd day of July, 2020.

JAMES L. ROBART
United States District Judge